IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBBIE AN PETRI, AS | § | |
| ADMINISTRATOR OF THE ESTATE OF | § | |
| PAUL TORRES, DECEASED, AND AS | § | |
| GUARDIAN AND NEXT FRIEND OF | § | |
| PATRICK DAMIAN TORRES, A MINOR | § | |
| CHILD AND SOLE HEIR OF THE | § | |
| ESTATE OF PAUL TORRES, DECEASED, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-09-3994 |
| | § | |
| PEREGRINE OIL & GAS, LP, | § | |
| PEREGRINE GP, LLC, ENCAP ENERGY | § | |
| CAPITAL FUND IV, LP, ENCAP IV-B | § | |
| ACQUISITIONS, LP, KESTREL OIL & | § | |
| GAS PROPERTIES, GREENHILL | § | |
| CAPITAL PARTNERS, LP, GCP | § | |
| PEREGRINE HOLDING LP, GREENHILL | § | |
| CAPITAL PARTNERS EXEC. GREENHILL | § | |
| CAPITAL LLP, KESTRAL OIL & GAS | § | |
| PROPERTIES II, LP, SHELL OIL | § | |
| COMPANY, AND WOOD GROUP | § | |
| MANAGEMENT SERVICES, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause is
Plaintiffs Debbie Ann Petri, et al.'s motion to remand (instrument
#11) to the 133rd Judicial District Court of Harris County, Texas,
where it was designated Cause No. 2009-71165.  That motion was
supplemented by instrument #28 to cover two related, subsequently
removed actions (H-10-122 and H-10-497), now consolidated into this
one (H-09-3994).

-1-

This action arises out of the death of Paul Torres on or about January 19, 2008, when he was swept off a rig and drowned in the Gulf of Mexico.  Torres had been working on Platform JA, North Padre Island Block 969, Lease OCS-G 05953, on the Outer Continental Shelf in federal waters offshore of Texas, so the accident is under the jurisdiction of the United States Department of the Interior Minerals Management Service.  Thus it is undisputed that removal was based on federal question jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331, *et seq*. (providing a broad grant of jurisdiction to federal courts for any case or controversy arising out of oil and mineral operations conducted along the continental shelf, including exploration, development, or production of minerals under 43 U.S.C. § 1349(b)(1)).  Claims arising out of operations on the Outer Continental Shelf can be removed to federal court based on the jurisdictional grant in OCSLA.  *Amoco Production Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988); *United Offshore Co. v. Southern Deepwater Pipeline Co.*, 899 F.2d 405 (5th Cir. 1990).

With supporting documentation, in a motion to remand timely filed on January 14, 2010, Plaintiffs maintain that the removal of this action on December 15, 2009 was fatally defective because (1) Defendants Kestral Oil & Gas Properties LP and Kestral Oil and Gas II, LP removed the First Amended Petition even though Plaintiffs'

Second Amended Petition, which added, as Plaintiffs, all wrongful death beneficiaries of the Deceased Plaintiff and, as a Defendant, Peregrine Oil & Gas Properties, II, LC., had been filed one day before the removal and remained behind in state court in violation of 28 U.S.C. § 1446, which requires all pleadings to be sent to federal court, and (2) because counsel for Defendants failed to obtain the consent of one of his clients, Peregrine Oil & Gas Properties II, LC. Because of confusion over Peregrine Oil & Gas II, LC,[1] named in the First and Second Amended Petitions, and Peregrine Oil & Gas Properties, II, LLC, named only in the Second, Plaintiffs filed a new petition in state court against Peregrine Oil & Gas II, LLC, which was quickly removed before formal service on any party by Defendant Wood Group.  Ex. G to #11.  Moreover Defendant Rotorcraft Leasing Company, LLC then filed an answer in this case to the Second Amended Petition, which was not on file in this Court.  Plaintiffs insist these defects cannot be cured.

Defendants respond (#22) that they properly filed their Notice of Removal on December 15, 2009, based on federal question jurisdiction and with the consent of all served Defendants.  They maintain that Peregrine Oil & Gas Properties, II, LLC, newly added

---

[1] Furthermore, counsel for Defendants Kestral/Peregrine did not list Peregrine Oil & Gas II, LC in his Certificate of Interested Parties (Ex. E to #11; also instrument #4).

in the Second Amended Petition, is a nonexistent,[2] unserved, and thus a nominal Defendant whose consent to removal is not required. Nor is there any evidence that it was served.   They also maintain that Plaintiffs' Second Amended Petition had not been served on Defendants' counsel, Robert D. Brown and Travis F. Erskine, who became counsel of record for Defendants as of December 11, 2009, when they removed this lawsuit.   Nor is there evidence that counsel for any other Defendant was served with or copied on the filing of Plaintiffs' Second Amended Petition.   Counsel insist, based on specific inquiries and lack of notice, that the Second Amended Petition was not included in the Harris County District Clerk's on-line filing records when counsel removed this action.   If the Second Amended Petition is deemed to have been filed of record at the time of removal, Defendants urge it is not a fatal defect, nor have Plaintiffs cited any authority demonstrating that it is. *Covington v. Indemnity Ins. Co. of N. America*, 251 F.2d 930, 933

---

[2] Defendants state that the name of this non-existent entity was apparently a typographical mistake in a letter dated December 4, 2009 from Leon R. McAloon to Plaintiff's counsel Alto Watson (Ec. C to #11).   The first page of that letter states, "Peregrine Oil & Gas II, LLC [not Peregrine Oil & Gas Properties, II, LLC] is the owner of the working interests in North Padre Island 969 Area of the Gulf of Mexico and is the owner of the North Padre 969 JA platform where the incident that is the subject matter occurred." In addition Plaintiffs' filing letter for the Second Amended Petition directs the Clerk of the Court to issue citation for Peregrine Oil & Gas II, LLC.   The Louisiana Secretary of State corporations records do not reveal an entity named Peregrine Oil & Gas Properties, II, LLC.   Ex. B to #13. Nor do the Texas Secretary of State corporations records.   *Id.*, Ex. C.

(5th Cir.)(movant's failure to file a copy of plaintiff's first supplemental petition, state court orders, and other material on file in state court at time of removal was a modal or procedural defect "completely without effect upon the removal, if the case is in its nature removable."), *cert. denied*, 357 U.S. 921 (1958). Even if any papers filed in state court prior to the removal are missing from the original removal record, they "may be later supplied." *Id.; in accord Spill Textile Corp. v. Spill Tech Environmental, Inc.* 223 F. Supp. 2d 790, 793 (E.D. Tex. 2002).

In reply (#22) Plaintiff insist that Defendants Shell and Wood Group were served and in actual possession of the Second Amended Petition on December 14, 2009, one day before the removal of this case, and that these Defendants consented to removal based only on the First Amended Petition, which they knew had been superseded. Moreover Plaintiffs cannot obtain service in federal court on the new parties added in the Second Amended Petition because their pleading is not on file in federal court nor in state court because the case has been removed.

Plaintiffs also state that they did not know that Defendants had obtained new counsel or that Robert Brown had filed an answer to the First Amended Petition in state court on December 11, 2009. They concede that they faxed a copy of their Second Amended Petition to a previous attorney.

In a sur-reply (#23), Defendants highlight the fact that the

-5-

same Plaintiffs filed another state lawsuit against thirteen other defendants on January 11, 2010 in the 55th District Court of Harris County, Texas, Cause No. 2010-01439, which was transferred to the 133rd District Court from which the instant action was removed. The second suit was removed by the Wood Group, designated H-10-122, and since consolidated with this one. On January 19, 2010, the same Plaintiffs filed a third lawsuit in the 269th District Court of Harris County, Texas, Cause No. 2010-02946, against two entities, Peregrine Oil and Gas Properties, II, LP, which Defendants identify as the non-existent entity sued in this action, and Rotorcraft Leasing , LLC. The state court transferred that action also to the 133rd District Court, Cause No. 2010-02946, from which it was subsequently removed to federal court and became H-10-497, and was also consolidated into this action. Despite the multiple filings, the facts and the law clearly demonstrate that removal was proper. Reiterating that *Covington* established that a failure to file state court papers in a notice of removal is a curable procedural defect that does not defeat the jurisdiction of the federal district court, Defendants point out that the Second Amended Petition is part of the federal court record as an attachment to Plaintiffs' reply, and that regardless, as allowed by *Covington* at § 1447(b), it can be filed in this matter after removal to supplement any missing state court paper. Defendants have also filed a true and correct copy of the Second Amended Petition as Exhibit A to a

Supplementation (#25).

On March 19, 2010, Plaintiffs filed a Supplemental Motion to Remand (#28), incorporating their first motion (#11).

Defendant Rotorcraft Leasing Company, L.L.C. ("RLC"), "for and on behalf of the nonexistent entity incorrectly named by plaintiffs as 'Rotorcraft Leasing, L.L.C.,'" objects to the supplemental motion to remand because it does not address any procedural aspects of the third removed case nor set forth any other reasons it should be remanded to state court. RLC also incorporates by reference Defendants' Response as its response(#13).

### Relevant Law

Title 28 U.S.C. § 1441(a) states, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts are construed against removal because the removal statute is strictly construed in favor of remand. *Id.*

"A motion to remand the case on the basis of any defect in removal procedure needs to be made within 30 days after the filing

of the notice of removal." 28 U.S.C. § 1447(c).[3] A defect in the procedure for removal, if timely asserted within 30 days, may be grounds for remand to state court; if the plaintiff fails to assert a procedural defect in a timely motion to remand, it is waived. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996); *Moody v. Commercial Ins. Co. of Newark, N.J.*, 753 F. Supp. 198, 201-02 (N.D. Tex. 1990). Plaintiff's motion was timely filed here.

Title 28 U.S.C. § 1446[4] governs the procedure for removal of a case from state to federal district court. Section 1446(a) provides,

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal *together with a copy of all process, pleadings and orders served upon him or them in such action.* [emphasis added by the court].

---

[3] If the defect in removal is jurisdictional rather than procedural, the court must remand the case to state court and the motion to remand my be brought any time before final judgment. 28 U.S.C. § 1447(c).

[4] Section 1446(b) reads,

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceedings is based or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Nevertheless "'mere modal or procedural defects are not jurisdictional.'" *James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.,* 499 F. Supp. 2d 710, 711-12 &n.1 (E.D. Tex. 2007)(concluding that "the omission of a copy of the service of process is merely a procedural error with no impact on jurisdiction" and allowing Defendants to supplement the removal record), *quoting Covington v. Indemnity Ins. Co. of North America*, 251 F.2d at 933. *See also Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990)(The failure of all defendants to join in or consent to the removal petition within thirty days of service is not a jurisdictional defect); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988).

Courts have interpreted § 1446(a) to mandate that all then served and properly joined defendants must consent to the removal and join in the removal petition. *Fontenot v. Global Marine, Inc.*, 703 F.2d 867, 870 n.3 (5th Cir. 1983); *Tri-Cities Newspapers, Inc. v. Tric-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326 (5th Cir. 1970). In the Fifth Circuit, all served defendants must join in the petition for removal within thirty days of service on the first defendant, and if consent of all served defendants is not timely obtained, the removal is procedurally defective. *Doe v. Kerwood*, 969 F. 2d 165, 167, 169 (5th Cir. 1992). This "rule of unanimity" requires that there be "some timely filed written indication from each served defendant, or from some person

or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action"; each defendant does not need to sign the notice of removal to effect removal.  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).  There need only be some timely filed written indication from each defendant or from someone purporting to represent that defendant formally.  *Getty Oil*, 841 F.2d at 1262 n.11.  A defendant is free to amend a notice of removal within the thirty day period, but once that thirty day period has expired, amendment is not available to cure a substantive defect in removal proceedings.  *Moody v. Commercial Ins. Co. of Newark, N.J.*, 753 F. Supp. 198, 201-02 (N.D. Tex. 1990).  Furthermore, there are also three well-recognized exceptions to the rule that all defendants must join in the removal petitions to effect removal:  (1) where the defendant was not yet served with process at the time the removal petition was filed[5]; (2) where a defendant is merely a nominal, unnecessary or formal party-defendant[6]; and (3) where the removed claim is a separate and

---

[5] *See, e.g., Jones v. Houston ISD*, 979 F.2d 1004, 1007 (5th Cir. 1992).

[6] *See, e.g., Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir.), *cert. denied*, 502 U.S. 866 (1991).  Whether a party is "'nominal'" for removal purposes depends on "'whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *Acosta v. Master Maintenance and Construction, Inc.*, 452 F.3d 373, 379 (5th Cir.

independent claim under 28 U.S.C. § 1441(c).[7]  *Moody v. Commercial Ins. Co.*, 753 F. Supp. 198, 200 (N.D. Tex. 1990).  Defendants here have shown that Peregrine Oil & Gas Properties II, LC falls into the first two exceptions.

### Court's Decision

After reviewing the parties' submissions and the applicable law, the Court agrees with Defendants that any procedural defects in the notice of removal have been cured, that Defendants have submitted uncontroverted evidence that Peregrine Oil & Gas Properties II, LC does not exist and was not served, and that the removal was proper.  Accordingly, the Court

ORDERS that Plaintiffs' motion to remand (#11) and supplemental motion to remand (#28) are DENIED.

**SIGNED** at Houston, Texas, this 26th day of July , 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

2006), *quoting Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970).

[7] Another exception is where there is improper or fraudulent joinder of a defendant.  *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

-11-