```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

DEBBIE AN PETRI, AS                §
ADMINISTRATOR OF THE ESTATE OF     §
PAUL TORRES, DECEASED, AND AS      §
GUARDIAN AND NEXT FRIEND OF        §
PATRICK DAMIAN TORRES, A MINOR     §
CHILD AND SOLE HEIR OF THE         §
ESTATE OF PAUL TORRES, DECEASED,   §
                                   §
            Plaintiffs,            §
                                   §
TRINIDAD O. TORRES AND JESUITA     §
M. TORRES,                         §
                                   §
            Intervenors,           §
VS.                                §   CIVIL ACTION H-09-3994
                                   §   Consolidated with H-10-CV-122
                                   §       and H-10-CV-497
KESTREL OIL & GAS PROPERTIES,      §
L.P., et al.,                      §
                                   §
            Defendants.            §

**OPINION AND ORDER OF PARTIAL DISMISSAL**

Pending before the Court in the above referenced cause is a 12(b)(6) motion (instrument #55) to dismiss Intervenors Trinidad O. Torres and Jesusita M. Torres's Petition in Intervention,[1] filed by Defendant Wood Group Production Services, Inc., for itself and as successor through conversion/merger on behalf of the non-existent defendant incorrectly named as Prosafe, Inc. (collectively, "Wood Group Production").

When no responses were filed to this motion, on November

---

[1] The Torres's Petition in Intervention is instrument #36. Trinidad O. Torres and Jesusita M. Torres are the parents of Decedent Paul Torres.

29, 2010 the Court ordered Plaintiff Debbie Ann Petri and Intervenors to file a response within thirty days or the motion would be deemed unopposed. #63. Plaintiff has filed a response (#64), but Intervenors have not.

## Factual Allegations

The Petition in Intervention (#36) asserts that on or about January 19, 2008, Decedent Paul Torres, in the course and scope of his employment with Defendants Wood Group Management Services, Inc., was working on an unseaworthy oil rig and was swept off by heavy seas and drowned. It alleges that Defendants[2] were negligent or grossly negligent/malicious in failing to exercise the degree of care that a reasonable and prudent business entity in the business of oil services and drilling work would have exercised under the same or similar circumstances.

## Standard of Review

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Kane Enterprises v. MacGregor (US), Inc.*, 322 F.3d 371, 374 (5th Cir.

---

[2] Intervenors have dismissed without prejudice those Defendants who owned and/or operated the oil rig: Peregrine Oil & Gas, LP; Peregrine GP. LLC, Endcap Energy Capital Fund IV, LP; Encap IV-B Acquisitions, LP; Kestrel Oil & Gas Properties, LP; Greenhill Capital Partners, LP; GCP Peregrine Holding, LP; Greenhill Capital Partners Exec; Greenhill Capital, LP; Kestrel Oil & Gas Properties II, LP; and Peregrine Oil & Gas Properties II, LLC. #52 and 53.

2003), *citing Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough

facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, ___ F.3d ___, No. Civ. A. L-08-39, 2010 WL 3081504, * 3 (5th Cir. Aug. 9, 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 2010 WL 3081504 at * 3, *quoting Twombly*, 550 U.S. at 555, 570.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in*

*other part*, 396 B.R. 278 (S.D. Tex. 2008).

**Wood Group Production's Rule 12(b)(6) Motion to Dismiss**

Contending that Intervenors have failed to state a claim upon which relief can be granted, Wood Group Production argues that Intervenors' negligence claims against it as Decedent's employer are barred by the exclusive remedy of the Texas Workers' Compensation Act. Texas Labor Code § 408.001(a)("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee."). Intervenors' claim for exemplary or punitive damages arising from alleged gross negligence is also barred by the Texas Workers' Compensation Act and the Texas Constitution. The Workers' Compensation Acts states that § 408.001 "does not prohibit recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence." *Id.*, § 408.001(b). Nevertheless Wood Group Production notes that parent-Intervenors are not the surviving spouse or heirs of the Decedent. In addition, the Texas Constitution states, "Every person, corporation, or company that may commit a homicide, through willful act, or omission, or gross neglect, shall be responsible in exemplary damages, to the

surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide." Tex. Const. Art. XVI, § 26. Wood Group Production maintains that parent-Intervenors are not within the class of persons who may potentially recover exemplary or punitive damages. *Gen. Chem. Corp. v. De La Lastra*, 852 S.W. 2d 916, 923 (Tex. 1993). Thus Wood Group Production moves for dismissal of all Intervenors' claims against it.

### Plaintiff's Response

Plaintiff notes that Wood Group Production's motion applies only to Intervenors and not to Plaintiff Debbie Ann Petri, as Administrator of the Estate of Paul Torres, Deceased, and on behalf of all wrongful death beneficiaries and as Guardian and Next Friend of Patrick Damian Torres, A Minor Child and Sole Heir of the Estate of Paul Torres. Secondly, while Intervenors are not heirs of the body or a spouse, and therefore Wood Group Production Services, Inc.'s motion should be granted as to them, Debbie Ann Petri represents Patrick Damian Torres, the natural born son and only child of Decedent Paul Torres and a minor child and soul heir of Decedent's estate.

The Court

ORDERS that Wood Group Production Services, Inc.'s  motion to dismiss all Intervenors' claims against it is GRANTED.

**SIGNED** at Houston, Texas, this 13th  day of January , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE