IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEBBIE ANN PETRI, ET AL.,<br><br>Plaintiffs,<br><br>V.<br><br>KESTREL OIL & GAS PROPERTIES L.P., ET AL.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. H-09-3994<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Before the Magistrate Judge upon referral from the District Judge is Plaintiffs' Motion to Compel Production of Documents from Defendants Wood Group Production Services, Inc., Wood Group Management Services, Inc. and Prosafe, L.P. and Motion for Sanctions (Document No. 66). In that motion, Plaintiffs complain about the objections and responses of Wood Group Production Services, Inc. ("Wood Group Production") and Wood Group Management Services, Inc. ("Wood Group Management") to Plaintiffs' requests for production nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15, all of which seek information about Prosafe, L.P. a company which Wood Group Production and Wood Group Management contend has had no separate legal existence since 2005.

Having considered the motion, the response in opposition, the requests for production and objections and responses thereto that are at issue, it is

ORDERED that Plaintiffs' Motion to Compel (Document No. 66) is GRANTED in PART and DENIED in PART as follows:

1. Plaintiff's Motion to Compel from Wood Group Production documents responsive to request for production nos. 2, 3, 4, 5, and 13 is GRANTED. In each of those requests, Plaintiffs seek documents related to the employment

of Cal Rogers.[1] Defendant Wood Group Production has produced some, but not all documents that are responsive to these requests. As Cal Rogers appears to be a central figure in this wrongful death case, and as the employment related records of Cal Rogers should not be too burdensome to produce, Defendant Wood Group Production shall, within fourteen days after the entry of this Order, produce all documents responsive to Request for Production Nos. 2, 3, 4, 5, and 13.

2. Plaintiff's Motion to Compel from Wood Group Management documents responsive to Request for Production Nos. 2, 3, 4, 5, and 13 is DENIED. In response to each of these requests, Defendant Wood Group Management responded "None," indicating that it had no responsive documents.

3. Plaintiff's Motion to Compel from Wood Group Production and Wood Group Management documents responsive to Request for Production Nos. 11 and 12 is GRANTED. In Request for Production Nos. 11 and 12, respectively, Plaintiff seeks "all documents sent to the Texas Department of Insurance related to Paul Torres" and "All documents sent to any workers' compensation carrier related to Paul Torres." Wood Group Management, subject to its objections, stated in response to both Request for Production No. 11 and 12, that it "is not aware of any responsive documents." Wood Group Production, in response to those same Requests for Production, stated, subject to its objections, that responsive documents had been requested, and that relevant, non-privileged documents would be produced. The documents sought in Request for Production Nos. 11 and 12 are relevant to this case, in which Plaintiffs seek recovery for the death of Paul Torres. Both Defendant Wood Group Production and Wood Group Management shall search and/or make request for all documents responsive to Request for Production Nos. 11 and 12, and shall produce all responsive, non-privileged documents to Plaintiff within fourteen days after the entry of this Order. If upon search Defendant Wood Group Management determines that it has no responsive documents it shall so state in amended responses to Request for Production Nos. 11 and 12.

4. Plaintiff's Motion to Compel from Wood Group Production and Wood Group Management documents responsive to Request for Production Nos. 6, and

---

[1] Request for Production No. 2 asks for "All 1099's for Cal Rogers;" Request for Production No. 3 asks for "All W-2's for Cal Rogers;" Request for Production No. 4 asks for "All fringe benefits for Cal Rogers including insurance, health, medical, dental, life insurance, 401K and any other documents reflecting fringe benefits provided to Cal Rogers;" Request for Production No. 5 asks for "All employee evaluations of Cal Rogers;" and Request for Production No. 13 asks for "All paycheck and paycheck stubs for Cal Rogers."

9 is DENIED. Request for Production No. 6, which seeks "All documents in the last five years which reflect the words, 'Prosafe' on them" is overbroad and unduly burdensome, and Defendants' objections on that basis are SUSTAINED. Request for Production No. 9 asks for "All employee files for anyone who anyone has ever allege was employed by 'Prosafe.'" As objected to by both Wood Group Production and Wood Group Management, this request, as worded is both vague and ambiguous. Those objections are SUSTAINED.

5. Plaintiff's Motion to Compel from Wood Group Production and Wood Group Management documents responsive to Request for Production Nos. 7, 8, 10, 14 and 15 is DENIED. In response to each of these requests, both Wood Group Production and Wood Group Management responded, subject to their objections, that either responsive documents did not exist or they were unaware of any responsive documents.

It is further

ORDERED that Plaintiffs' Motion for Sanctions (Document No. 66) is DENIED.

Signed at Houston, Texas, this ___ day of February, 2011.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE