```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF TEXAS
                             HOUSTON DIVISION
DEBBIE ANN PETRI, AS              §
ADMINISTRATOR OF THE ESTATE OF    §
PAUL TORRES, DECEASED, AND AS     §
GUARDIAN AND NEXT FRIEND OF       §
PATRICK DAMIAN TORRES, A MINOR    §
CHILD AND SOLE HEIR OF THE        §
ESTATE OF PAUL TORRES, DECEASED,  §
                                  §
              Plaintiffs,         §
                                  §
TRINIDAD O. TORRES AND JESUSITA   §
M. TORRES,                        §
                                  §
              Intervenors,        §
VS.                               §  CIVIL ACTION H-09-3994
                                  §  Consolidated with H-10-CV-122
                                  §       and H-10-CV-497
KESTREL OIL & GAS PROPERTIES,     §
L.P., et al.,                     §
                                  §
              Defendants.         §
```

**OPINION AND ORDER**

The above referenced action seeks damages for alleged negligence, gross negligence and/or malice resulting in the death of Paul Torres, swept way and drowned by heavy seas while he was working on an oil rig owned and/or operated by Defendants Peregrine Oil & Gas II, LLC, Shell Oil Company, Shell Offshore, Inc., Rotorcraft Leasing Company, LLC and/or Malcolm Good and while Torres was working in the course and scope of his employment with Defendants Wood Group Management Services, Inc., Wood Group Production Services, Inc., and/or Prosafe, LP.

Pending before the Court are the following related motions: (1) FRCP 12(b)(6) motions to dismiss and FRCP 12(e) motion for more definite statement filed by Defendant Wood Group Production

Services, Inc. for itself and on behalf of the nonexistent defendants incorrectly named by Plaintiffs as Prosafe, Inc. and/or Prosafe, L.P. and as successor through merger of Prosafe, LP, the successor through conversion of Prosafe Inc. ("WGPS") (instrument #85); and (2) Defendant Wood Group Management Services. Inc.'s ("WGMS's") FRCP 12(b)(6) motions to dismiss and FRCP 12(e) motion for more definite statement (#86). Although both motions were filed on February 14, 2011, no response has been filed to either.

### Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127

S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal

is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court, applying the *Twombly* plausibility standard to a *Bivens* claim of unconstitutional discrimination and a defense of qualified immunity for government official, observed that two principles inform the *Twombly* opinion: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." . . . Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief

. . . ."  *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V. (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. Jan. 25, 2011).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. Tex. May 16, 2008). *See also*

...

...

*ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

Even if a plaintiff fails to file a response to a motion to dismiss despite a local rule's mandate that a failure to respond is a representation of nonopposition, the Fifth Circuit has rejected the automatic granting of dispositive motions without responses without the court's considering the substance of the motion. *Watson v. United States*, 285 Fed. Appx. 140, 143 (5th Cir. 2008), *citing Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006), and *Johnson v. Louisiana*, 757 F.2d 698, 708-09 (5th Cir. 1985). "The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Id.* Instead there should be a clear record of delay or contumacious conduct and a finding that lesser sanctions would not serve the system of justice. *Id., citing Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local #36*, 614 F.2d 529, 531 (5th Cir. 1980).

Fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind

may be alleged generally." A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005).

Because "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not," it applies to statutory claims based on allegations of fraud. *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994). "Claims alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act . . . are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp. 2d 734, 742-43 (S.D. Tex. 1998). *See also, e.g., Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009). Where "[t]he factual background of . . . claims is substantively identical," causes of action arising under DTPA, the Texas Insurance Code, or common law fraud must satisfy Rule 9(b), which reaches "all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not

technically termed fraud." *Frith*, 9 F. Supp. 2d at 742, *citing Berry*, 608 F. Supp. 2d at 789, 800; *Hernandez v. Ciba-Geigy Corp., USA*, 200 F.R.D. 285, 290-91 (S.D. Tex. 2001).

The pleading standards of *Twombly* and Rule 9(b) apply to pleading a state law claim of conspiracy to commit fraud. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009)("a plaintiff alleging a conspiracy to commit fraud must 'plead with particularity the conspiracy as well as the overt acts . . . taken in furtherance of the conspiracy'"), *quoting FC Inv. Group LLC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1097 (D.C. Cir. 2008).

If Plaintiffs fail to state a claim for fraud underlying their civil conspiracy claim, the civil conspiracy claim must be dismissed, too. *Allstate Ins. Co. v. Receivable Finance, Inc.*, 501 F.3d 398, 414 (5th Cir. 2007); *American Tobacco Co., Inc. v. Grinnell*, 951 S.W. 2d 420, 438 (Tex. 1997)("Allegations of conspiracy are not actionable absent an underlying [tort]"); *Krames v. Bohannon Holman LLC*, No. 3:06-CV-2370-0, 2009 WL 762205, *10 (N.D. Tex. Mar. 24, 2009).

### WGPS's Motions (#85)

WGPS observes that the First Amended Original Complaint (#76), which dropped some Defendants sued previously, names "Prosafe, LP," and no other "Prosafe" entity, as a party defendant. WGPS first contends that as a matter of public record, Prosafe, LP is a non-existent entity. Public records establish that Prosafe, LP merged

with and into WGPS, effective on or about December 31, 2005, more than two years before the January 19, 2008 accident that led to Paul Torres' death, and thus it had ceased to exist as a legal entity. Therefore, argues WGPS, Plaintiffs cannot assert any causes of action against Prosafe, LP upon which relief may be granted, and Prosafe, LP should be dismissed under Federal Rule of Civil Procedure 12(b)(6). In support, WGPS submits certified copies of supporting public records on file with the Office of the Secretary of State of Texas, Office of the Secretary of State of Nevada, and Office of the Secretary of State of Louisiana(Exhibits A,B,C, and D) and asks the Court to take judicial notice of them.[1] *See also* Tex. Bus. Org. Code Section 10.008(a)(1)(when a merger takes place, "the separate existence of each domestic entity that is a party to the merger, other than a surviving or new domestic entity, ceases."). Furthermore, suit can only be brought against a party that has a legal existence; without that, no judgment can be rendered against it. *Smith v. CDI Rental Equipment, Ltd.*, 310 S.W. 3d 559, 565 (Tex. App.--Tyler 2010), *citing Bailey v. Vanscot Concrete Co.*, 894 S.W. 2d 757, 759 (Tex. 1995). Thus Plaintiffs

---

[1] Federal Rule of Evidence 201(b) allows the Court to take judicial notice only of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Furthermore, Rule 201(g) states, "In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed."

cannot state, and have not stated, a claim against Prosafe, LP.

Moreover WGPS maintains that the decedent, Paul Torres, was employed only by itself, Wood Group Production Services, Inc., and not, as Plaintiffs allege, by Wood Group Management Services, Inc. and/or Prosafe, L.P. WGPS contends that Plaintiffs are attempting to hold Prosafe responsible to circumvent the exclusive remedy provisions of the Texas Workers' Compensation Act, Tex. Lab. Code § 408.001, *et seq.* (Vernon 2006). The Texas Workers' Compensations statutes bar a suit against a plaintiff's employer except for exemplary damages.

Furthermore, WGPS points to a new claim, found in paragraph 3.04 of the Amended Complaint,

> that the alleged merger between Defendant Prosafe, LP and Defendant Wood Group is **a scam to perpetrate a fraud**. The two entities conspired after the alleged merger to bill and collect monies separately, had a separate employee force that performed different functions, vice principals of Wood Group continuously refer to employees as "Prosafe employees" and "Wood Group employee". No proper formality in the day to day operations of the companies evidence any merger of the two. And to this day, Prosafe LP, holds itself out to the world as a separate entity. As such, Prosafe LP should be treated as a separate entity for the purpose of liability and damages. [*sic*][emphasis added by WGPS]

WGPS claims that this alleged "scam to perpetrate a fraud" is not a legally viable claim or theory under Texas law. WGPS states that under Texas law, a corporate fiction may be disregarded when the corporate form has been used as part of an unfair device to achieve an inequitable result. *SSP Partners v. Gladstrong Invs. Corp.*

*(USA)*, 275 S.W. 3d 444, 451 (Tex. 2008)(examples include where the corporate structure has been abused to perpetrate fraud, evade an existing obligation, achieve or perpetrate a monopoly, circumvent a statute, protect a crime, or justify a wrong).  Here, however, Plaintiffs are using the scam allegation improperly to revive a non-existent entity or to nullify a merger in an attempt to hold a non-existent entity, Prosafe, LP, liable, again presumably to impose liability upon WGPS as the employer of Paul Torres. Plaintiffs have not pleaded a proper claim as to Prosafe, LP.

Moreover Plaintiffs have failed to satisfy the heightened standard for pleading fraud under Rule 9(b); instead of facts, Plaintiffs rely on conclusory statements and fail to set forth the elements of fraud or sham to perpetrate fraud.  WGPS asserts, "Plaintiffs clearly recognize that the worker's compensation bar will preclude this suit and the claims against WGPS other than for exemplary damages in accordance with the exclusive remedy provisions of the Texas Worker's Compensation Act, Tex. Lab. Code Ann. Section 408.001, *et seq.* (Vernon 2006)(the "Act"). Such an attempt to circumvent the exclusive remedy provisions of the Act is not permissible.

WGPS insists that a non-existent entity cannot engage in conspiracy, nor can WGPS conspire with itself.  *Nelson Radio & Supply Co. V. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952)(a corporation cannot conspire with itself any more than a private

individual can conspire with himself). Thus since the December 31, 2005 merger, the conspiracy-to-engage-in-fraud claim is not cognizable.

As to Plaintiffs' claims against itself, WGPS requests the Court to dismiss them under Rule 12(b)(6) because Plaintiffs have not provided fair notice of the nature of the claims and plausible factual allegations to support them, but only conclusory allegations of law or formulaic recitations of the elements of the claims.

The Texas workers' compensation statutes bar claims for negligence and conspiracy against WGPS, as Torres' employer, so these causes of action should therefore be dismissed under Rule 12(b)(6).

Alternatively WGPS moves under Rule 12(e) for identification of "all wrongful death beneficiaries." It insists that Plaintiffs should know by now who these are and notes that Plaintiffs admitted in one pleading, as a matter of public record, that the minor Plaintiff, P.D.T., is the only child of the decedent Paul Torres. WGPS also asserts that Plaintiffs have lumped all Defendants together and collectively pleaded vague and ambiguous allegations against them, despite Defendants' having different status and/or relative positions in relation to Plaintiffs' claims. Plaintiffs fail to state sufficient facts relating to the specific conduct of WGPS and fail to give fair notice of the nature of a claim and

plausible factual allegations to support any claim against each defendant. Plaintiffs generally allege negligence, gross negligence, and malice against WGPS but do not set out sufficient facts relating to the specific alleged conduct of WGPS giving rise to these claims, even though Plaintiffs recognize the applicability of the worker's compensation bar.

Finally Plaintiffs assert that the decedent was engaged in an inherently hazardous and/or dangerous activity. To the extent that these allegations are brought against WGPS, a situation which is not clear, any matters sounding in negligence would be barred and should be dismissed. The allegations that "Congressional leaders like Senator Frank Lantenberg [*sic*] have confirmed that working offshore is an inherently dangerous activity" do not meet the pleading standards of the federal rules. WGPS maintains the allegations are vague and ambiguous and do not provide fair notice of the nature of the claims nor plausible facts to support the claims.

### WGMS's Motions (#86)

With copies of the same supporting public records warranting judicial notice, WGMS echoes WGPS' argument that Prosafe is a non-existent entity incapable of being sued because it was merged into WGPS on or about December 31, 2005. It also makes the same argument for dismissal to the claim of a "scam to perpetrate a fraud," being used here in attempt to revive the non-existent

Prosafe, LP, as such a claim not cognizable under Texas law and fails to meet the heightened pleading standards of Rule 9(b). It reiterates that the non-existent Prosafe cannot engage in conspiracy and that WGPS cannot conspire with itself. Nor can Plaintiffs assert claims against WGPS for negligence or conspiracy because of the workers' compensation bar.

WGMS argues that Plaintiffs cannot assert a negligence or conspiracy claim against it because it is not a responsible party to this action, as Plaintiffs know from the discovery that has been done. Moreover Plaintiffs have improperly lumped all Defendants together in the amended complaint, which is too vague and ambiguous to state a claim and is devoid of particularized and specific allegations against WGMS as to all allegations of negligence, gross negligence and/or malice. WGMS states that it "is left to guess as to how and what WGMS allegedly did or failed to do . . . ." Thus Plaintiffs fail to state a claim, requiring a more definite statement under Rule 12(e) or dismissal. WGMS also asks by now for identification of who, beside Torres' child, the other wrongful death beneficiaries are. Finally, it, too, requests further detail about how the allegation that Torres was engaged in an inherently and/or dangerous activity to each Defendant, especially itself.

### Court's Decision

The Court finds that the public records are entitled to judicial notice and Plaintiffs have failed to controvert what those

submitted by WGPS and WGMS show, i.e., that Prosafe, LP merged into and with WGPS in December 2005, more than two years before the fatal accident at issue here, and thus Prosafe is non-existent and incapable of being sued here and the conspiracy claim against it and WGPS (the "scam to defraud") is not cognizable. The Court also agrees, since Plaintiffs have not challenged WGPS's insistence that it, alone, was the employer of the decedent, that the Texas Workers' Compensation Act bars claims against WGPS for negligence. Therefore the Court

ORDERS that the motions to dismiss are GRANTED as to all claims against Prosafe, LP and as to the "scam to defraud" and/or conspiracy claim against WGPS and Prosafe.

The Court also agrees that the remaining claims against all Defendants here are not adequately pleaded under Rules 12(b)(6) and 9(b) and under *Twombly* and *Iqbal* and their progeny. Defendants have requested and are entitled to a more definite statement to provide them with adequate notice of the claims against them, as well as factual pleading distinguishing plausible claims against each Defendant individually. Moreover the Court agrees that Plaintiffs should identify the wrongful death beneficiaries or show good cause why they cannot do so.

Accordingly, the Court

ORDERS that Plaintiffs shall file within twenty days of entry of this order a second amended complaint that satisfies federal

pleading standards.

**SIGNED** at Houston, Texas, this  2nd  day of  June , 2011.

```
                         _____
                              MELINDA HARMON
                         UNITED STATES DISTRICT JUDGE
```